NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

THOMAS ENRIGHT, PETITIONER, v. ESSEX ICE AND COLD STORAGE COMPANY, RESPONDENT.

This matter being opened to the court by Henry Gottfried, Esquire, attorney for the petitioner, and it appearing that

a formal hearing was held, and the court having heard the testimony of the witnesses and physicians produced both by the petitioner and the respondent, and from the evidence produced, I do find and determine the following:

That an accident occurred on May 1st, 1927, while the petitioner was in the employ of the respondent, in the manner as the testimony indicated, by a cake of ice weighing about three hundred pounds falling a distance of thirty feet, striking the petitioner a glancing blow on the head, throwing petitioner backward and violently on his knees to the floor.

And I do find that the petitioner suffered an injury to the right leg about the knee joint, which was defined as a loosening of the curtilage and a sprain, and that he further suffered a laceration requiring five stitches, and petitioner complains of a great deal of pain in the frontal occipital portions of the head, headaches, dizziness and impairment of vision; petitioner also complains of an injury to the spine over the whole lumbar region, particularly when bending down and when lifting up objects.

I do further find from the testimony that at the time of the accident petitioner was rendered unconscious, was removed to the St. James Hospital, was treated by Dr. A. J. Mitchell, petitioner's physician, while at the hospital, and later, at his home, from May 1st, 1927, until June 3d, 1927; and I do further find that the petitioner is entitled to be reimbursed in the sum of fifty dollars ($50) for the medical attention rendered by Dr. A. J. Mitchell from May 1st, 1927, to June 3d, 1927, when respondent's physician began treating petitioner.

I do further find that petitioner is entitled to be reimbursed in the sum of four dollars and ten cents ($4.10) for his expenditures in purchasing medicine in treatment of the injuries suffered.

I do further find that petitioner is not entitled to recover the sum of twelve dollars ($12) expenses for the purchase of a brace.

I do find that the petitioner was under treatment by a physician and was unable to return to work from May 1st, 1927, the date of the accident until August 8th, 1927, and

do therefore find that the petitioner is entitled to receive temporary disability from May 1st, 1927, to August 8th, 1927, a period of fourteen weeks at seventeen dollars ($17) per week, a total of two hundred thirty eight dollars ($238).

There was a decided difference of opinion in the medical testimony with respect to the extent of the injury to the right leg—first with respect to the extent of the permanent disability, and second as to whether an operation to remove the loose cartilage would be a major or minor operation, and whether or not the operation, if performed, would be successful and thereby remove the permanent disability, and whether the petitioner would be compelled to submit to such an operation.

I do find that the operation would require the administering of an anesthetic, and I am of the opinion that the operation would constitute a major one, and would be at the risk of petitioner's life, and find, as a matter of law, that petitioner is not compelled to submit to the operation.

After examining the testimony of the physicians produced, I am of the opinion that the permanent total disability to the right leg amounts to thirty-three and one-third per cent. That taking into consideration the injury to petitioner's right leg, and to petitioner's head, as well as petitioner's contention of an injury to the back, I do find the entire permanent disability to be fifteen per cent.

I do further find from the testimony of the petitioner that after petitioner returned to work on August 8th, 1927, he was unable to do the amount and kind of work that he did prior to the accident, and that petitioner was placed on a night shift where his work was lessened and his duties lighter. Petitioner's testimony is borne out and corroborated by the testimony of the engineer, Carl Amiel Peterson, a witness produced by the respondent to rebut this testimony.

I do therefore find and order respondent to pay to petitioner temporary disability from May 1st, 1927, to August 8th, 1927, being fourteen weeks at seventeen dollars ($17) per week, a total of two hundred thirty-eight dollars ($238).

I do further find and order respondent to pay to petitioner the sum of fifty dollars ($50), the fee paid by peti-

tioner to Dr. A. J. Mitchell, and a further sum of four dollars and ten cents ($4.10) expended by petitioner for medicine.

I do further find and order respondent to pay the petitioner fifteen per cent. of total permanent disability, being the sum of one thousand two hundred seventy-five dollars ($1,275), payable in weekly installments of seventeen dollars ($17) each, for seventy-five weeks, said installments to begin from August 8th, 1927.

I do further order respondent to pay to petitioner the sum of one hundred dollars ($100) for expert medical testimony at the hearing of this cause.

I do further order respondent to pay to petitioner the sum of ten dollars ($10) for stenographic fee expended by him.

I do further order respondent to pay the attorney for the petitioner the sum of one hundred dollars ($100), and do further order the petitioner to pay to his attorney the sum of one hundred dollars ($100).

HARRY J. GOAS,
*Deputy Commissioner.*